986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Michael RYMAN, Defendant-Appellant.
 No. 92-5040.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 29, 1992
Decided: February 26, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Richard L. Williams, Senior District Judge. (CR-90-131)
 Argued: William Carrington Hodgson, Askin, Burke & Schultz, Martinsburg, West Virginia, for Appellant.
 Paul Thomas Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 On Brief: Steven Morris Askin, Askin, Burke & Schultz, Martinsburg, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HAMILTON, Circuit Judge, SPROUSE, Senior Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 John Michael Ryman appeals his sentence of thirty months imposed by the district court upon his guilty plea to two counts of possession of narcotics with intent to distribute. He complains on appeal that the district court erred by issuing a writ of destruction of evidence before his sentencing hearing, thereby denying him an opportunity to reweigh the quantity of LSD used to calculate his sentence. Ryman also argues that because the LSD was destroyed before his sentencing hearing, the court should not have considered the LSD in calculating his sentence.
 
 
 2
 * Ryman was indicted on three counts-two counts of possessing narcotics with intent to distribute and one count of possessing a firearm while drug trafficking. On the first day of trial it developed that the government's chemist, Trooper R.K. Taylor, was unavailable. To expedite trial, Ryman and the government entered into a stipulation, agreeing to the content of Taylor's testimony had it been produced.
 
 
 3
 The trial proceeded and the government presented all its evidence, including the stipulation and a laboratory report showing the LSD to weigh 0.32 grams. At the close of the government's case, the court directed a verdict for Ryman on the firearm count, and Ryman pled guilty to the remaining two counts: (1) possession with intent to distribute 90.9 grams of cocaine and (2) possession with intent to distribute 32 dosage units of LSD.
 
 
 4
 Some three weeks later, the government moved ex parte for a writ of destruction for the cocaine, the LSD, and other evidence presented at trial. The district court issued the writ, and the government destroyed the evidence. When the presentence report was filed approximately two weeks later, Ryman objected to it, contesting the amount of LSD relied on in the report. He requested that the LSD be reweighed or that the district court suppress the entire amount of LSD for sentencing purposes. The district court denied Ryman's request, noting that the amount of LSD had come into evidence by stipulation and that the government's petition for the writ of destruction was not maliciously motivated but resulted from a routine organization of its storage facilities.
 
 II
 
 5
 Ryman argues on appeal that the amount of LSD used to calculate his sentence was inaccurate, and that the ex parte destruction of the LSD deprived him of an opportunity to prove its actual quantity. Ryman also correctly urges (contrary to the government's contention and contrary to the district court's ostensible finding) that the parties did not stipulate to the amount of LSD. Rather, they stipulated that if the government's chemist had appeared at trial, he would have testified that the LSD weighed approximately 0.32 ounces. Ryman contends, therefore, that the district court not only abused its discretion in granting the writ of destruction but compounded its error by not suppressing the LSD completely in the sentencing phase of his trial. We disagree.
 
 
 6
 Ryman, of course, does not contest his guilt. He simply complains of the court's grant of the writ of destruction and its use of the LSD in calculating his sentence. The government may have been somewhat precipitous in petitioning for the writ of destruction and the district court may have been somewhat hasty in granting it.* But even after the destruction of the physical evidence, there remains sufficient record evidence of the quantum of LSD to justify the imposed sentence. The indictment charged Ryman with possession with intent to distribute 0.32 grams of LSD. He pled guilty. The lab report introduced into evidence documented the same amount, and both parties stipulated that Trooper Taylor would have testified to the report's authenticity.
 
 
 7
 We also think the same evidence adequately supports the district court's guideline calculations despite the destruction of the LSD. It is elementary that facts basic to sentencing determinations need be proven only by a preponderance of the evidence. McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986); United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990).
 
 
 8
 In calculating Ryman's sentence, the court used a quantity of 0.32 grams of LSD by relying on Ryman's guilty plea, the stipulation to Trooper Taylor's testimony, and the lab report. In our view, this evidence, together with Ryman's failure to introduce contradictory evidence, more than satisfies the preponderance standard.
 
 
 9
 In view of the above, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 Additionally, the court held-and Ryman does not contend otherwise-that the petition for destruction was neither malicious nor made in bad faith. Cf. Arizona v. Youngblood, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.")